UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,                    :

                    Plaintiff,               :

                  - v -                      :

APPROXIMATELY $84 MILLION ON                 :
DEPOSIT IN ACCOUNT NO. T-94025
IN THE NAME OF THE TREASURY OF               :
THE MINISTRY OF FINANCE OF THE
REPUBLIC OF KAZAKHSTAN AT PICTET             :
& CIE, GENEVA, SWITZERLAND,
FORMERLY ON DEPOSIT IN ACCOUNT               :
NO. 1017789E AT CAI INDOSUEZ,
GENEVA, SWITZERLAND, AND ALL                 :
INTEREST, INCOME, BENEFITS, AND
OTHER PROCEEDS TRACEABLE THERETO,            :

                  Defendant in rem.          :

------------------------------------x

**STIPULATION AND ORDER**

07 Civ. 3559 LAP

        WHEREAS, in and before July 1999, approximately $84
million was held on deposit in the account of Orel Capital Ltd.
("Orel") at Credit Agricole Indosuez ("CAI") in Geneva,
Switzerland.  Orel was a British Virgin Islands corporation
beneficially owned by a Liechtenstein foundation, the sole
beneficiaries of which were individuals;

        WHEREAS, on or about July 29, 1999, the contents of
the Orel account were transferred to an account held in the name

- 1 -

of the Treasury of the Ministry of Finance of the Republic of
Kazakhstan at Pictet & Cie, Geneva, Switzerland;

WHEREAS, on or about August 16, 1999, the $84 million
transferred from the Orel account to the Pictet account was
frozen by order of a Swiss examining magistrate;

WHEREAS, on or about April 2, 2003, Indictment 03 Cr.
404 was returned by a federal grand jury in the Southern District
of New York charging defendant James H. Giffen with, *inter alia*,
violation of the Foreign Corrupt Practices Act ("FCPA"), in
violation of 15 U.S.C. § 78dd-2; wire fraud, in violation of 18
U.S.C. § 1343; and money laundering, in violation of 18 U.S.C. §§
1956 and 1957;

WHEREAS, the Indictment included a criminal forfeiture
allegation charging that Giffen should forfeit to the United
States pursuant to 18 U.S.C. § 982 all property, real and
personal, involved in the money laundering offenses and all
property traceable to such property;

WHEREAS, as used herein, the "Funds" include all assets
transferred from the Orel account to Account No. T-94025 in the
Name of the Treasury of the Ministry of Finance of the Republic

- 2 -

of Kazakhstan at Pictet & Cie, Geneva, Switzerland, and all interest, income, benefits or other proceeds traceable thereto;

WHEREAS, the Funds have been restrained pursuant to a Mutual Legal Assistance Treaty request by the United States to Switzerland;

WHEREAS, upon the filing of this Stipulation and Order, the United States will have commenced the instant action seeking civil forfeiture of the Funds by the filing of a Verified Complaint, alleging that the Funds are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) (the "Action");

WHEREAS, the Government of the Republic of Kazakhstan (the "Republic of Kazakhstan") claims that it is the sole beneficiary of the Funds and that the Funds are its property;

WHEREAS, the United States asserts that if it were to forfeit the Funds, in keeping with its practice of using forfeited funds, where practicable and not inconsistent with law, to restore forfeited property to victims of the underlying criminal violation or to protect the rights of innocent persons in the interest of justice, it would endeavor to have the Funds used for the benefit of the people of Kazakhstan;

WHEREAS, the Republic of Kazakhstan asserts that if it

- 3 -

were to obtain release of the Funds, it would endeavor to utilize the Funds for the benefit of the people of Kazakhstan;

WHEREAS, the International Bank of Reconstruction and Development (the "World Bank"), at the request of the Governments of the United States of America, the Swiss Confederation, and the Republic of Kazakhstan, has agreed to provide technical assistance and supervision for the administration of the Funds for the benefit of the Kazakh people;

WHEREAS, in furtherance of the relationship between the Governments of the United States of America, the Swiss Confederation, and the Republic of Kazakhstan, these Governments have agreed that the Funds shall be used to benefit the most needy citizens of Kazakhstan, as set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff United States of America and the Republic of Kazakhstan, that:

1.   The attached Memorandum of Understanding Among the Governments of the United States of America, the Swiss Confederation, and the Republic of Kazakhstan, and each of its annexes (together, the "MOU"), are expressly incorporated into this Stipulation and Order.   Should the MOU be terminated or

- 4 -

expire, this Stipulation and Order may be terminated by either the United States or the Republic of Kazakhstan upon written notice to the other.

2.    The release of the Funds, or any portion thereof, is expressly contingent upon the establishment and implementation of the following three programs to the satisfaction of the Governments of the United States of America, the Swiss Confederation, and the Republic of Kazakhstan:

(a) a "BOTA Program", through which the Funds shall be used for the benefit of poor children in Kazakhstan through the establishment of a Kazakh foundation, known as the "BOTA Foundation," that shall be independent of the Government of the Republic of Kazakhstan, administered by a reputable international non-governmental organization, and under the supervision and monitoring of the World Bank, as set forth in the MOU;

(b) a "Public Finance Management Review Program" ("PFMR Program"), through which the Government of the Republic of Kazakhstan, with the support of the World Bank, has agreed to undertake a five-year program for

- 5 -

improving public financial management in Kazakhstan, as described in the MOU; and

(c) an "Extractive Industries Transparency Initiative Program" ("EITI Program"), through which the Government of the Republic of Kazakhstan, with the support of the World Bank, has agreed to prepare and implement a comprehensive strategy and action plan for transparency in the extractive industries in Kazakhstan, as described in the MOU.

3.    In accordance with this Stipulation and Order and the terms of the MOU, within nine (9) months of signature of this Stipulation and Order, the Program Manager for the BOTA Foundation shall certify to the Governments of the United States of America and the Swiss Confederation that all necessary steps have been taken to establish the BOTA Foundation and engage a BOTA Program Manager. In addition, by August 31, 2007, the Government of the Republic of Kazakhstan shall provide a report to the Governments of the United States of America and the Swiss Confederation on the progress made in implementation of the PFMR and EITI Programs.   If, in its individual discretion, either the Government of the United States of America or the Government of

the Swiss Confederation determines that actions taken to
constitute the BOTA Program, as described in §§3.2, 3.3, 3.4,
3.5, and 3.6 of the MOU, have not been satisfactorily completed,
or that the Government of the Republic of Kazakhstan has not made
substantial and demonstrable progress in implementation of either
the PFMR or EITI Programs, the Government of the United States of
America may void or terminate this Stipulation and Order, upon
written notice to the other Governments, provided that the time
to comply with the conditions set forth may be extended by
written agreement of all three Governments.

4.    In accordance with this Stipulation and Order and
the terms of the MOU, the Funds shall be released in installments
to the Program Manager acting on behalf of the BOTA Foundation.
At the individual discretion of either the Government of the
United States of America or the Government of the Swiss
Confederation, the release of any installment may be made
contingent upon its satisfaction of adequate implementation of
any of the programs described in Paragraph 2.

5.    For each installment of the Funds to be disbursed
in accordance with this Stipulation and Order, the United States
shall transmit a supplemental mutual legal assistance request to

-7-

the Swiss authorities withdrawing, in part, its prior request for restraint of that portion of the Funds constituting such installment, requesting the lifting of such restraint for the purposes of execution of this Stipulation and Order, and requesting enforcement of the terms of this Stipulation and Order in lieu thereof.

6.     Upon entry of this Stipulation and Order as a Final Order as provided below, the Republic of Kazakhstan shall withdraw any existing claim, appeal, or other legal action of any type that may have been instituted before a United States or foreign tribunal, court, or agency to prevent the forfeiture or disposition of the Funds, or any portion thereof, in accordance with this Stipulation and Order.

7.     The Republic of Kazakhstan agrees that this Stipulation and Order shall constitute a full and complete waiver to any applicable defenses that may be available to it, including, but not limited to, statute of limitations defenses, and shall constitute consent to the waiver of all other notice of any action or right to claim the Funds.

8.     Unless this Stipulation and Order is voided as provided herein, the Republic of Kazakhstan is hereby barred from

- 8 -

asserting any claim against the United States or the Swiss
Confederation or any of their respective officers, agents or
employees worldwide (including, without limitation, the United
States Department of Justice and its dependencies, such as the
United States Attorney's Office for the Southern District of New
York, and the Federal Bureau of Investigation) in their official
and individual capacities in connection with or arising out of
the seizure or restraint, forfeiture, or disposition of the Funds
or the commencement or prosecution of this action, including,
without limitation, any claim that the United States did not have
probable cause to request restraint of the Funds, that the
Republic of Kazakhstan is a prevailing party or that the Republic
of Kazakhstan is entitled to attorney's fees or any award of
interest.

          9.     The Republic of Kazakhstan further agrees to
indemnify and hold harmless the United States, the Swiss
Confederation and any and all of their officers, agents and
employees worldwide (including, without limitation, the United
States Department of Justice and its dependencies, such as the
United States Attorney's Office for the Southern District of New
York, and the Federal Bureau of Investigation) in their official

- 9 -

and individual capacities, from any and all claims, including,
without limitation, third-party claims, in connection with or
arising out of the seizure or restraint, forfeiture, or
disposition of the Funds or the commencement or prosecution of
this action, and this Stipulation and Order shall constitute a
written agreement to that effect.

10.   It is understood that this Stipulation is
conditioned upon there being no other claim filed to the Funds,
or any portion thereof, that complies with 18 U.S.C. § 983 and
all other applicable provisions of law, i.e., a timely filed
claim that asserts an ownership interest in the Funds or any
portion thereof.  In the event that a claim is filed with respect
to the Funds or any portion thereof and is finally determined by
the Court to be valid and superior to the claim of the Republic
of Kazakhstan, this Stipulation and Order shall become voidable
by either the United States or the Republic of Kazakhstan and
shall, if voided, be of no further force or effect.

11.   If this Stipulation and Order is voided, the
United States and the Republic of Kazakhstan each shall retain
all rights available to it as of the date of the final execution
of this Stipulation and Order.

12.   In the event that (i) no claim is filed with
respect to the Funds within the time period for filing a claim
following the publication of notice, or (ii) a claim is filed but
is resolved in any manner other than a final determination by the
Court that the claim is valid and superior to the claim of the
Republic of Kazakhstan, the United States shall thereafter
promptly apply to the Court to approve this settlement and issue
this Stipulation and Order as a Final Order in this Action.
Entry of a Final Order in this Action shall also constitute a
judgment by default against all other potential claimants who
have not otherwise filed a claim to the Funds.

13.   Upon issuance of the Final Order and the release
of the last installment of the Funds in accordance with the terms
of this Stipulation and Order, this Action shall be dismissed
without costs and/or attorney's fees to either the United States
or the Republic of Kazakhstan.

14.   In the event that the Funds are not fully expended
within a period of five years from the date of the entry of the
Final Order, this Stipulation and Order may be terminated by
either the United States or the Republic of Kazakhstan.

15.   If this Stipulation and Order is terminated, the

United States and the Republic of Kazakhstan each shall retain all rights available to it as of the date of the final execution of this Stipulation and Order with respect to any portion of the Funds remaining in or which may be redeposited into the Pictet & Cie account.

16. Upon the execution of each installment payment and continuing until all of the Funds have been disbursed, the United States and the Republic of Kazakhstan shall file a notice informing the Court of each such installment payment.

17. Any assets representing a portion of the Funds released in accordance with this Stipulation and Order that are subsequently redeposited into the Pictet & Cie account pursuant to the provisions set forth in the MOU, shall be and are hereby expressly incorporated into and made a part of the Funds.

18. This Stipulation and Order is governed by the laws of the United States. The United States and the Republic of Kazakhstan agree that the exclusive jurisdiction and venue for any dispute arising between the Governments of the United States and the Republic of Kazakhstan under this Stipulation, and for any action related in any way to an indemnification under this Stipulation and Order, will be the United States District Court

for the Southern District of New York.  For sole purposes of this Stipulation and Order and its enforcement, the Republic of Kazakhstan waives any and all rights it may have under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.*, including, without limitation, any immunity from prejudgment seizure, arrest or attachment.

19.  This Stipulation and Order shall in no way be deemed an admission of culpability, liability or guilt on behalf of any government or any of their respective officials and officers, past and present.

20.  This Stipulation and Order shall in no way constitute a reflection upon the merits of any matter which has been asserted, which may have been asserted, or which may be asserted in the prosecution or defense of this Action.

21.  This Stipulation and Order shall in no way constitute a reflection upon the merits of any matter which has been asserted, which may have been asserted, or which may be asserted in the prosecution or defense of the related criminal action of *United States v. James H. Giffen*, including any ancillary proceeding which may be or may have been conducted pursuant to 21 U.S.C. § 853(n).

22.   The undersigned individuals signing this Stipulation and Order on behalf of the Republic of Kazakhstan represent and warrant that they are authorized by the Republic of Kazakhstan to execute this Stipulation and Order.  The undersigned United States signatories represent that they are signing this Stipulation and Order in their official capacities and that they are authorized to execute this Stipulation and Order.

23.   The United States and the Republic of Kazakhstan represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation and Order, as well as the MOU.

24.   This Stipulation and Order, including all annexes hereto, constitutes the complete agreement between the United States and the Republic of Kazakhstan.  This Stipulation and Order may not be amended except by written consent of the United States and the Republic of Kazakhstan.  The Parties shall promptly notify the Court of any modification or amendment to

this Stipulation and Order or to the MOU.

Dated: New York, New York
  ·may 3      , 2007

STEPTOE & JOHNSON LLP
Attorneys for Claimant
Republic of Kazakhstan

By:

Reid H. Weingarten, Esq.
William T. Hassler, Esq.
John D. Lovi, Esq.
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for Plaintiff

By: Barbara a Ward

   Barbara A. Ward
Asst. United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone:  (212) 637-1048

Daniel H. Claman
Senior Trial Attorney
Asset Forfeiture and Money
  Laundering Section
U.S. Department of Justice
1400 New York Ave., NW
Suite 10100
Washington, D.C.  20005
Telephone: (202) 514-1263

Kanat/B. Saudabayev
Ambassador of Kazakhstan
  to the United States of America
On Behalf of the Republic of
Kazakhstan

**SO ORDERED:**

HONORABLE
UNITED STATES DISTRICT JUDGE

Date: May 7, 2007